1

2

3

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9

10

11

DANNY L. MCCOY,                              No. C-12-3821 TEH (PR)

12

             Plaintiff,            ORDER OF SERVICE

13

      v.

14

UNITED STATES OF AMERICA,

15

16

             Defendant.

17

_____/

18

19

      Plaintiff Danny L. McCoy, a federal prisoner presently

20

incarcerated at the Federal Correctional Institution (FCI) in

21

Lompoc, California, has filed a pro se torts complaint under the

22

Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the United

23

States of America.  Plaintiff alleges that he suffered personal

24

injury as a result of negligence and medical malpractice that

25

occurred when he was incarcerated at the FCI in Dublin, California.

26

By separate order, Plaintiff's application to proceed in forma

27

pauperis (IFP) has been granted.

28

      In this Order, the Court will conduct its initial review

1  of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

2                                    I

3          Federal courts must engage in a preliminary screening of

4  cases in which prisoners seek redress from a governmental entity or

5  officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

6  In its review, the Court must identify any cognizable claims and

7  dismiss any claims that are frivolous, malicious, fail to state a

8  claim upon which relief may be granted, or seek monetary relief from

9  a defendant who is immune from such relief.  28 U.S.C.

10 § 1915A(b)(1), (2).

11         The FTCA provides that district courts have exclusive

12 jurisdiction of civil actions against the United States for money

13 damages "for injury or loss of property, or personal injury or death

14 caused by the negligent or wrongful act or omission of any employee"

15 of the federal government while acting within the scope of his

16 office or employment.  28 U.S.C. § 1346(b); FDIC v. Meyer, 510 U.S.

17 471, 477 (1994).  The United States is only liable, however, "if a

18 private person[] would be liable to the claimant in accordance with

19 the law of the place where the act or omission occurred."  United

20 States v. Olson, 546 U.S. 43, 44-45 (2005); Ravell v. United States,

21 22 F.3d 960, 961 (9th Cir. 1994).  The court determines whether the

22 United States is subject to tort liability by applying the law of

23 the state where the act or omission occurred.  Id.  Because its

24 source of substantive liability is the law of the state where the

25 act or omission occurred, the FTCA is limited to state torts and

26 does not encompass constitutional torts. Meyer, 510 U.S. at 478.

27

28                                    2

Plaintiff alleges that, on January 27, 2011, when he was incarcerated at the FCI in Dublin, California, he was exercising on the Pull/Dip bar and the entire machine fell on top of him, injuring his left shoulder, lower back and right wrist. Medical staff was busy on the day of the accident. He was seen a few days later by a medical practitioner who prescribed ibuprofen, but who did not order an x-ray of Plaintiff's injured shoulder, back or wrist. Later, it was discovered that Plaintiff's left shoulder was fractured when the machine fell on him and the shoulder healed with bone fragments in his Acromioclavicular (AC) joint. In October 2011, surgery was performed on Plaintiff's left shoulder to remove the bone fragments. Plaintiff indicates that he has been in pain from the day of the incident and that his lower back "is still giving him problems." Plaintiff seeks two million dollars in damages.

Plaintiff presented his claim to the Federal Bureau of Prisons (BOP), alleging medical malpractice and negligence based on the fact that the Pull-up bar was not bolted into the ground as it should have been. On May 10, 2012, the BOP denied Plaintiff's claim. On July 20, 2012, Plaintiff filed this federal complaint alleging negligence and medical malpractice.

In his federal complaint, Plaintiff does not list his causes of action. The Court construes it as alleging the claims of negligence and medical malpractice that Plaintiff presented to the BOP. In his cover letter accompanying the complaint, Plaintiff states that he would like to add negligence and mental anguish to his claim. Because Plaintiff's claim to the BOP includes

negligence, that claim is included in his federal complaint. By referring to mental anguish, Plaintiff may be attempting to state a claim for intentional infliction of emotional distress. However, because this claim was not presented to the BOP, it is barred. <u>See Wilson v. Drake</u>, 87 F.3d 1073, 1076 (9th Cir. 1996) (the presentation of a claim to the appropriate federal agency and the agency's denial of that claim is a jurisdictional prerequisite to bringing suit under the FTCA).

II

To be cognizable, a claim under the FTCA must be: "(1) against the United States, (2) for money damages . . ., (3) for injury or loss of property, (4) caused by the negligent or wrongful act or omission of any employee of the Government, (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." <u>Meyer</u>, 510 U.S. at 477.

Plaintiff's medical malpractice and negligence allegations meet the first five requirements for stating a claim under the FTCA. To determine if the allegations meet the sixth requirement, the Court looks to California law because Plaintiff's claims are based on acts that occurred in California.

Under California law the elements of a medical malpractice claim are: (1) the duty of the medical professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a

4

proximate causal connection between the negligent conduct and the plaintiff's injury; and (4) actual loss or damage resulting from the professional's negligence.  Avivi v. Centro Medico Urgente Medical Ctr., 159 Cal. App. 4th 463, 468 n.2 (2008).  Under California law, the elements of a negligence claim are: (1) the defendant's duty to use due care; (2) the defendant's breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) injury resulting from the breach.  Vasquez v. Residential Investments, Inc., 118 Cal. App. 4th 269, 278 (2004).

Taken liberally, Plaintiff's allegations state cognizable claims for medical malpractice and negligence.

III

For the foregoing reasons, the Court orders the following:

1.   The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the summons and complaint in this matter, all attachments thereto, and copies of this order upon Defendant's counsel, the United States Attorney for the Northern District of California.  The clerk shall also send a copy of the summons and of the complaint to the Attorney General of the United States in Washington, D.C.  The clerk shall also serve a copy of this order on Plaintiff.

2.   In order to expedite the resolution of this case, the Court orders as follows:

a.   No later than sixty-three days from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate

5

factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, it shall so inform the Court prior to the date its summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than thirty-five days from the date he is served with Defendant's motion. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff shall take notice of the following warning: Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your

6

complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

          c.  If Defendant wishes to file a reply brief, it shall do so no later than twenty-one days after the date it is served with Plaintiff's opposition.

          d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

     3.  All communications by Plaintiff with the Court must be served on Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant's counsel.

     4.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for

//
//
//
//

7

failure to prosecute pursuant to Federal Rule of Civil Procedure
41(b).


     IT IS SO ORDERED.



DATED      _08/07/2012_          _____
                                 THELTON E. HENDERSON
                                 United States District Judge




G:\PRO-SE\TEH\CR.12\McCoy v. US- 12-3821 Ord of Service.wpd

8